```
       IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                HOT SPRINGS DIVISION
```

**HAZEL L. WILSON**                                              **PLAINTIFF**

**v.**                          **CASE No. 03-6128**

**THE CITY OF MALVERN, ARKANSAS;**
**RONNIE LYTLE, individually and in his official**
**capacity as Superintendent of the Street**
**Department for the City of Malvern, Arkansas, and**
**BOYD JOHNSON, individually and in his official**
**capacities as Street Superintendent and**
**Asst. Street Superintendent of the Street**
**Department for the City of Malvern, Arkansas**          **DEFENDANTS**

## ORDER

Before the Court are Defendants' Motion for Stay of Proceedings (Doc. 90) and Brief in Support (Doc. 91); and Plaintiff's Response to the Defendants' Motion to Abstain (Doc. 106) and Plaintiff's brief in Support of Response to Defendants' Motion to Abstain (Doc. 107). Plaintiff filed an action in this Court alleging the Defendants violated her constitutional rights by constructing a drainage ditch along the street side of her property that causes water to pool on her property, greatly reducing its value, and by retaliating against her for complaining. On August 3, 2007, the Plaintiff filed a Complaint in the Circuit Court of Hot Springs County, Arkansas, to enjoin an inverse condemnation action by the City and individual Defendants; to enjoin the taking of private property for private purposes; to recover compensatory damages

for inverse condemnation; to recover damages for illegal entries onto and the takings of real property without due process; and to recover punitive damages and attorneys' fees because of the malicious and illegal acts and bad faith of the Defendants. The Defendants have now filed a Motion for Stay of Proceedings requesting that this Court stay the proceedings, or alternatively, abstain from ruling on the claims in this matter. For the reasons stated herein, Defendants' Motion for Stay of Proceedings is **DENIED**.

**A.   Background**

On March 28, 2002, the Plaintiff filed a Complaint asserting deprivation of property, due process, free speech, and racial equality, pursuant to 42 U.S. Code Annotated Sections 1981, 1982, and 1983, and also under the 5th and 14th Amendments of the U.S. Constitution, taking of property, denial of due process, and retaliation for exercising her First Amendment right of free speech. On November 21, 2002, this Court granted the Plaintiff's Motion for Voluntary Dismissal.

On November 8, 2004, the Plaintiff filed a Second Amended Complaint making the same assertions. Plaintiff alleges the Defendants violated her constitutional rights by constructing a drainage ditch along the street side of her property that causes water to pool on her property, greatly reducing its

value, and by retaliating against her for complaining.  The individual Defendants each filed a Motion for Summary Judgment on grounds of qualified immunity.  On January 4, 2005, this Court dismissed the Plaintiff's takings claims and corresponding due process claims pending exhaustion of adequate state remedies, and denied the Defendants' Motions for Summary Judgment.  The Defendants appealed the denial of their summary judgment motions to the United States Court of Appeals for the Eighth Circuit.  The Appeals Court reversed the decision in part and remanded the case to this Court.  The sole remaining claims in this case are whether Ronnie Lytle and Boyd Johnson violated the Equal Protection Clause and Plaintiff's First Amendment rights by allowing weeds and bushes to grow in the ditch in retaliation for Plaintiff's complaints.  On August 3, 2007, the Plaintiff filed her Complaint in the Circuit Court of Hot Springs County, Arkansas.

   The Defendants seek an order staying the proceedings, or alternatively, the Court abstain from ruling on the claims in this matter.  The Defendants argue that every theory of recovery included in the Complaint before this Court is also included in the state law complaint, and therefore, this Court should stay the proceedings and allow the state court to fully and completely resolve the issues in question.  The Defendants

AO72A
(Rev. 8/82)

assert that the state law complaint includes additional claims and parties not included in the Complaint before this Court. Alternatively, the Defendants argue that this Court should abstain from ruling in a case which presents federal constitutional issues that might be mooted or presented in a different posture by a state court determination of the pertinent state law.

**B.   Discussion**

The Defendants first contend that this Court should stay these proceedings because the concurrent state law case would resolve all of the issues involved in both the state and federal cases, while a ruling in the case before this Court would only resolve a portion of the issues.  The Defendants rely on *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), which states that courts have an inherent power to control their dockets.  However, *Landis* also requires that the moving party demonstrate "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  The Plaintiff alleges in her response that a stay will place an undue burden on her, and may cause damage to her case.  The Defendants in this case have made no attempt to demonstrate a hardship or inequity that will result if the case goes forward.  Therefore, the Defendants' Motion to Stay

Proceedings is denied.

Alternatively, the Defendants requests that this Court abstain from ruling on the claims before it, pursuant to the *Pullman Doctrine*, which allows a federal court to properly abstain from ruling on a case when a "challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question." *Kusper v. Pontikes*, 414 U.S. 51, 54 (1973). *Pullman* abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations. *Beavers v. Arkansas State Bd. Of Dental Examiners*, 151 F.3d 838, 841 (1998).

Abstention is an extraordinary and narrow exception to the "virtually unflagging obligation" of federal courts to exercise the jurisdiction given them. *In re Burns & Wilcox, Ltd*. (8th Cir. 1995). The remaining issues before this Court are Equal Protection and First Amendment claims against the Defendants for retaliation against the Plaintiff in connection

with alleged improper maintenance of the ditch. These claims do not appear to challenge any unclear state law, nor do they involve federal interference with state operations. Therefore, these claims are not within the scope of the *Pullman Doctrine* and the Defendants' motion to abstain is also denied.

### C. Conclusion

Accordingly, Defendants' Motion for Stay of Proceedings (Doc. 90) is **DENIED,** and trial is set for October 1, 2007.

IT IS SO ORDERED this 19th day of September, 2007.

                           */s/ Robert T. Dawson*
                           Robert T. Dawson
                           United States District Judge

AO72A
(Rev. 8/82)